

# THE ATTORNEY GENERAL
## OF TEXAS

October 22, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Patrick O. Hardy
Criminal District Attorney
Room 201, Courthouse
Woodville, Texas     75979

Opinion No. JM-814

Re:   Whether an individual may simultaneously serve as county judge and city attorney of a city within that county

Dear Mr. Hardy:

You ask whether a city attorney who is appointed to fill a vacancy in the office of county judge may serve in both capacities. The individual in question serves as the appointed city attorney of Woodville, a general law city in Tyler County.

The county judge presides over the county court established by the Texas Constitution. Tex. Const. art. V, §15. The county court has appellate jurisdiction in criminal cases of which justice courts and other inferior courts have original jurisdiction. Gov't Code §26.046. A justice court and a municipal court located within the justice precinct have concurrent jurisdiction of criminal cases under state law which arise within the territorial limits of the municipality and are punishable only by a fine not to exceed $200. Gov't Code §29.003(b). The Tyler County Court therefore has appellate jurisdiction of certain criminal cases originally tried in municipal court. Although the legislature is authorized to establish statutory county courts with the same jurisdiction as the constitutional county courts, it has not established one in Tyler County. Tex. Const. art. V, §1; Gov't Code §25.0003 (enacted by Acts 1987, 70th Leg., ch. 148, §4.01, at 1218). See Gov't Code §§25.0051-25.2512 (enacted by Acts 1987, 70th Leg., ch. 148, §4.01, at 1227) (provisions establishing statutory county courts, codified alphabetically by county).

Prosecutions in a municipal court are to be conducted by the city attorney. Code Crim. Proc. art. 45.03. However, article V, section 11, of the Texas Constitution

provides that "[n]o judge shall sit in any case . . . when he shall have been counsel in the case." See also Code Crim. Proc. art. 30.01. Thus, the county court could not hear any appeals from municipal court prosecutions brought by the city attorney in this case. Because there are no county courts at law in Tyler County, a special judge would have to be appointed in every case appealed from municipal court in which the city attorney/county judge was prosecutor. One person cannot both prosecute cases in municipal court as required by article 45.03 of the Code of Criminal Procedure and preside over the court to which the convictions are appealed. The statutes prevent one person from performing the duties of both offices.

Moreover, another statute limits the power of one person to serve as city attorney and county judge of the county in which the city is located. Section 82.064(b) of the Government Code provides as follows:

> A county judge or county clerk who is licensed to practice law may not appear and practice as an attorney at law in any county or justice court except in cases over which the court in which the judge or clerk serves has neither original nor appellate jurisdiction.

Gov't Code §82.064(b) (formerly Gov't Code §21.003(b); renumbered by Acts 1987, 70th Leg., ch. 148, §3.01, at 1216). A city attorney ordinarily represents the city in litigation. See Chrestman v. Thompkins, 5 S.W.2d 257 (Tex. Civ. App. - Dallas 1928, writ ref'd) (provision in city charter). If a city attorney serves as county judge, he will not be able to represent the city in the justice court on cases in which the county court has appellate jurisdiction or in the original or appellate jurisdiction of the county court. The statutory prohibitions so limit the capacity of one individual to carry out the duties of Woodville city attorney and Tyler county judge that they constitute a statutory prohibition against such dual service. One individual may not serve in both positions.

### S U M M A R Y

One person may not simultaneously serve as county judge of Tyler County and as city attorney of a general law city located in Tyler County. Statutory and constitutional limits on the practice of law by a county

judge, together with the absence of county courts at law in Tyler County, render it impossible for one person to perform the duties of both positions.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General